FILED
JAN 13 2016
Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR 04 |
| | § | Judge Mazzant |
| HEATHER ELIZABETH MERCADO | § | |

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## Counts One - Twelve

Violations: 18 U.S.C. § 666(a)(1)(A) (Theft Concerning Programs Receiving Federal Funds)

At all times material to this indictment:

Introduction

1. University of Texas Southwestern Medical Center ("UT Southwestern Medical Center") is located in Dallas, Texas. From on or about January 1, 2014, through on or about December 31, 2015, UT Southwestern Medical Center received in excess of $10,000 each calendar year under one or more federal programs involving grants, subsidies, loans, guarantees, insurance, or other forms of federal assistance.

2. From on or about December 1, 2014, through on or about April 13, 2015, defendant **Heather Elizabeth Mercado** ("**Mercado**") was employed by UT

Southwestern Medical Center as Director of Talent Acquisition in the Human Resources Department, and was therefore an agent of UT Southwestern Medical Center.

3. **Mercado** controlled and operated Alliance Consulting Partners (ACP), a company purportedly in the business of hospital staffing. On or about November 3, 2014, **Mercado** caused MM, an individual known to the Grand Jury, to file an Assumed Name Certificate of Ownership for ACP in MM's name at the Collin County Clerk's Office, located in McKinney, Texas, in the Eastern District of Texas.

4. On or about December 2, 2014, **Mercado** caused MM to open a bank account ending in the numbers 5138 in the name of DBA Alliance Consulting Partners, MMM Sole Prop at Bank of America in Frisco, Texas, in the Eastern District of Texas. (ACP account)

Manner and Means of the Federal Program Theft

5. **Mercado** caused ACP to be created. **Mercado** represented to UT Southwestern Medical Center that ACP would recruit nurses and other personnel to work at UT Southwestern Medical Center.

6. **Mercado** signed and submitted a fraudulent UT Southwestern Medical Center Form 309, Justification for Proprietary Purchase, that falsely stated neither **Mercado** nor any member of her immediate family had an interest in or was connected in any manner with the ACP contract or bid for furnishing recruiting services to UT Southwestern Medical Center.

7. **Mercado** knowingly and willfully caused 28 fraudulent invoices to be generated and submitted to UT Southwestern Medical Center for services rendered by ACP; specifically that ACP would recruit nurses and other personnel to work at UT Southwestern Medical Center. **Mercado** ensured that the false invoices were below the threshold amount of $25,000 to keep the bidding informal and thus under her control as Director of Talent Acquisition. However, these services were never actually delivered or provided with respect to the 28 fraudulent invoices submitted.

8. **Mercado** approved payment of these fraudulent invoices even though she knew that the services were never provided. Additionally, **Mercado**, in her capacity as Director of Talent Acquisition, exerted pressure on UT Southwestern Medical Center's accounting personnel to bypass invoice payment protocols.

9. In reliance on these fraudulent invoices, UT Southwestern Medical Center paid ACP $483,905.96 through 12 checks that **Mercado** obtained, negotiated, and used for her and her family's benefit. **Mercado** caused the checks to be deposited in the ACP account.

<u>Theft of Federal Program Funds</u>

10. On or about the following dates, in the Eastern District of Texas and elsewhere, **Mercado**, knowingly obtained by fraud and otherwise without authority converted to the use of herself and other persons not the rightful owner, the following property valued at $5,000 or more through checks issued by UT Southwestern Medical Center in material reliance on the following fraudulent invoices submitted by **Mercado**,

such property was owned by and under the care, custody, and control of UT Southwestern Medical Center:

| Count | Date | UT Southwestern Medical Center Check No. | Amount | Mercado's Fraudulent Invoice Nos. |
|---|---|---|---|---|
| 1 | December 5, 2014 | 349390 | $33,912 | 0096, 0098, 0099 |
| 2 | December 10, 2014 | 351523 | $34,500 | 0103, 0104, 0108 |
| 3 | December 18, 2014 | 353395 | $44,889 | 0210, 0211, 0217, 0219 |
| 4 | January 23, 2015 | 358581 | $40,900 | 0346, 0347, 0349, 0351 |
| 5 | January 26, 2015 | 361948 | $24,900 | 1698 |
| 6 | February 23, 2015 | 370010 | $24,900 | 0263 |
| 7 | February 23, 2015 | 370011 | $22,000 | 0319 |
| 8 | March 5, 2015 | 372738 | $35,400 | 0481, 0593 |
| 9 | March 16, 2015 | 375393 | $36,204.96 | 0609 |
| 10 | March 26, 2015 | 378095 | $52,900 | 0531, 0547 |
| 11 | March 31, 2015 | 380337 | $69,600 | 0790, 0793, 0796 |
| 12 | April 7, 2015 | 381754 | $63,800 | 0879, 0899, 0991 |

All in violation of 18 U.S.C. § 666(a)(1)(A).

## Count Thirteen

Violation: 18 U.S.C. § 1957
(Engaging in Monetary
Transactions in Property Derived
from Specified Unlawful
Activity)

At all times material to this indictment:

The Grand Jury re-alleges paragraphs one through ten of Counts One through Twelve of this indictment as if fully set forth herein, and further states that on or about

January 24, 2015, **Mercado** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is an exchange of U.S. currency in the amount of $12,538.19 to Stonebriar Chevrolet in Frisco, Texas, in the Eastern District of Texas, for the purchase of a 2005 Infiniti G35, such property having been derived from a specified unlawful activity, that is, a violation of 18 U.S.C. § 666(a)(1)(A).

In violation of 18 U.S.C. § 1957.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

As the result of committing the offense alleged in this indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461 all property, real or personal, that constitutes or is derived from proceeds traceable to the aforementioned offenses, including but not limited to the following:

**Cash Proceeds**

$483,905.96 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this indictment.

**Vehicles**

2005 Infiniti G35, Vehicle Identification Number: JNKCV54E55M412625

2008 Cadillac Escalade, Vehicle Identification Number: 1GYFK66898R154535

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(a)(4), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in and forfeited to the United States.

A TRUE BILL

GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

CHRISTOPHER A. EASON
Assistant United States Attorney

1-13-16
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR |
| | § | Judge |
| HEATHER ELIZABETH MERCADO | § | |

# NOTICE OF PENALTIES

## Counts One through Twelve

Violation: 18 U.S.C. § 666(a)(1)(A)

Penalty: For each count: Not more than ten years imprisonment, a fine not to exceed $250,000 or twice the gross gain or twice the gross loss, whichever is greater, or both; supervised release of not more than three years.

Special Assessment: For each count: $100.00

## Count Thirteen

Violation: 18 U.S.C. § 1957

Penalty: Not more than ten years imprisonment, a fine not to exceed $250,000 or twice the gross gain or twice the gross loss, whichever is greater, or both; supervised release of not more than three years.

Special Assessment: $100.00