In the United States District Court
For the District of TEXAS
(EASTERN)

4:16 cr 4

| | | |
|---|---|---|
| United States of America | ) | CASE NO. CR-00004-001 |
| | ) | |
| VS. | ) | |
| | ) | |
| Heather Mercado | ) | Honorable Judge Mazzant |
| DEFENDANT | ) | |

DEFENDANT'S MOTION FOR REDUCTION of SENTENCE Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i)

Defendant herein, proceeding pro se, herewith moves this Court to reduce her sentence in this case by a period of 50-60 months. This motion filed pursuant to 18 U.S.C. 3582(c)(1)(A)(i).

Procedural History

1. Defendant is currently serving a sentence after conviction in 2016 on one count of theft concerning programs receiving federal funds in violation of 18 U.S.C. 666 A.F.. She was sentenced to 84 months of incarceration. Currently her release date is 5-3-22 (based on good time credits already awarded and anticipated.) about 21 months from now.

Summary

2. Defendant is a 46 year old divorced mother of five children, three of whom are still minors. Her former husbands care for her children during her absence.

3. During Defendant's initial incarceration at FPC Bryan, Texas she was sexually assaulted and raped repeatedly over a period of five months by an officer at the camp (2019, PREA). The officer has been indicted. The Defendant was transferred to FPC Phoenix for her safety.

At FPC Phoenix, the defendant became the first inmate to be infected with the CoVID-19 virus. Contact tracing indicates she was infected by an officer on 7/1/20. The officer was not wearing any PPE, was smoking less then 3 feet from the defendant and literally blowing smoke in the defendant's face. The defendant has been treated with ignorance and distain.

4. Defendant thus seeks a sentence reduction (referred to as a "compassionate release") so that she may return to Texas to help care for her minor children, and to seek medical advice and treatment for her continuing CoVID-19 related health issues and emotional trauma.

5. As AMENDED by § 603(d) of the Act, supra subsection (c)(1)(A)(i) of Title 18 now provides that; the court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has exhaused all administrative rights to appeal a failure of

(A) cont. the BOP to bring a motion on the defendants' behalf (30 days) such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that —

(i) extraordinary and compelling reasons warrant such a reduction...

6. Congress directed the United States Sentencing Commission to adopt a policy statement to guide a districts court's discretion in determining when "extraordinary and compelling reasons" exist to grant a reduction in sentence. Mohrbacher v. Ponce, Case No. 18-cr-00513 (C.D. Cal. July 26, 2018) 2018 U.S. Dist. LEXIS 218929, *18. In response, the Commission promulgated U.S.S.G. §1B1.13, which provides in revelant part that "the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553 (a), to the extent that they may be applicable, the court determines that

(1)(A) extraordinary and compelling reasons warrant the reduction . . . [;]

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and

(3). the reduction is consistent with this policy statement.

The Guideline commentary explains in detail what medical, aging or family factors may constitute extraordinary and compelling circumstances, including

(C) Family Circumstances

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children

(ii) The incapacitation of the defendant's spouse or registered partner

Id. at comment. (p.s.) n.1 (C). The Guideline commentary provides that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. at n.2.

7. The Guideline, written in the days when a sine qua non of judicial grant of the motion was that the

7. Cont.

BOP file it, nevertheless directs that the district court exercise its de novo judgement on the motion:

> The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

Id. at comment. (p.s.), n.4.

8. The BOP has developed its own criteria for grant of compassionate release, and those largely track the Sentencing Commission's policy statement in §1B1.13. Section 571.60 of 28 CFR provides that "[u]nder 18 U.S.C. 3582 (c)(1)(A), a sentencing court, on motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment of an inmate sentenced under the Comprehensive Crime Control Act of 1984..., The Bureau uses .... 18 U.S.C. 3582(c)(1)(A) in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."

9. Even after passage of the First Step Act, § 3582 (c)(1)(A) requires that an inmate submit her request to the Director of the BOP as a condition precedent to filing with the court. The regulations delegates the intake function to the warden of the facility in which the inmate is housed. 28 CFR § 571.61(a). The BOP will grant the request only "when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." The submission shall include proposed release plans, including where the inmate will reside [and] how the inmate will support himself/herself..."

10. BOP standards includes that a compassionate release may be granted to an inmate upon the incapacitation of the inmate's family member primary caregiver for the inmate's children; P. S.5050.50 or the deterioration of the inmate's health in an extraordinary and compelling way.
The Program Statement directs that an evaluation of § 3582 (c)(1) requests consider the following circumstances of the inmate's history and offense:

- Nature and Circumstance of the inmate's offense;
- Criminal History;
- Comments from the victims;
- Unresolved detainers;
- Supervised release violations;
- Institutional adjustments;
- Disciplinary Infractions;

10. Cont.

- Personal history derived from the Presentencing Report;
- Length of sentence and amount of time served, to be considered with respect to proximity to release date or Residential Reentry Center (RRC) or home confinement date;
- Inmate's current age;
- Inmate's age at the time of offense and sentensing;
- Inmate's release plans (employment, medical, financial); and
- Whether release would minimize the severity of the offense

P.S. 5050.50, supra at § 7, pg. 12 The Program Statement directs that none of these (features) factors is either exclusive or weighted. Rather, they should be considered to assess whether the 18 U.S.C. § 3582(c)(1)(A)(i) request presents particularly extraordinary and compelling circumstances. In deciding whether to file a motion pursuant to 18 U.S.C. 3582, the BOP considers also whether the inmate's release would pose a danger to the safety of any other person or the community. P.S. 5050.50, supra at §§ 1, 7, pp. 2, 12.

Exhaustion of Remedies

11. Defendant requested that the Warden of FCI Phoenix grant her compassionate release based on the showings set out in ATTACHMENT A. That request was received by the warden on or about 9-23-2020

11. cont.

As of 9-23-2020, the warden has not taken action on the request(s).

<u>Basis for Request</u>

12. During Defendant's incarceration, she has compiled a record of good conduct and personal enrichment. At this time the need is for the Defendant to seek adequate medical care that has not and cannot be provided by the BOP. The Supreme Court held that not providing adequate medical care to prisoners was a violation of the Constitution's Eighth Amendment against cruel and unusual punishment. The Defendant is suffering from Cognitive Issues, Neurological Issues, Body aches, Brain fog & Depression. The BOP medical insist that these symptoms are "normal", after having COVID-19. The CDC, WHO and Heart Associaticon disagree. Statements have been issued stating that the aftereffects of COVID-19 affect every organ in the body including blood vessels, the lungs and pulmonary system. The Defendant is already suffering from PTSD, anxiety, and depression, the BOP's failure to deliver effective medical care for chronic medical conditions supports a reduction in her sentence to provide her with needed medical care in the most effective manner pursuant to 18 U.S.C. § 3553(a)(2)(D) and also is an extraordinary and compelling circumstance under USSG §1B1.13 comment (n.(1)(A) and (D)).

13. Nature and circumstance: Defendant was convicted on one count of theft concerning programs receiving federal funds. As her presentencing report indicates, she was struggling with substance abuse and depression.

14. Criminal History: Defendant's criminal history prior to the offense of conviction was Criminal History Catagory I as defined by the U.S. Sentencing Commission. She has no unresolved detainers. Defendant has one supervised release violation, she completed a Drug Education program and one year of individual Trauma Therapy.

15. Institutional Adjustment: Defendant's institutional adjustment has been excellent with no disciplinary infractions and a long list of classes completed.

16. Comments from victims: The Presentence Report stated that there were no victims of the offense.

17. Sentence and amount of time served: Defendant has about 21 months of her 84-month sentence remaining to be served.

18. Defendant's age: Defendant is 46 years old. She was 39 years old at the time of the offense.

19. Defendant's release plan (employment, medical, financial): After release, she intends to reside at 414 Kelly Ct., Duncanville, TX 75137

Extraordinary and Compelling Reasons for Grant:

19. Simply put, I am an inmate at risk. I survived a deadly, infectious disease who's effect on the human circulatory system, limbic system, and vascular system is unknown. I am experiencing compelling medical symptoms that the BOP medical staff is unable and unwilling to treat. The CDC, FDA, and the Heart Association have all warned of the potentially deadly flu season (Oct-January) approaching and the more than 50% chance of those people who have "recovered" from COVID-19, being reinfected. There are now several strains of this deadly virus. I am also the mother of five children, three who are still minors. The children need their mother, no one could deny that fifty-four months away from my children is an adequate amount of time for them to be separated from their strong, supportive parent. Children of incarcerated parents face profound and complex threats to their emotional, physical, educational and financial well-being. Often referred to as "hidden victims", a study found that children of incarcerated parents systematically face a host of disadvantages if the parents were a strong support in the child's life, which Heather was.

The Defendant's physical and emotional abuse under the BOP's watch are the final reason for this Grant. In all there could be little to no defense against the extraordinary and compelling reasons stated in this motion.

20. It is clear from Defendant's age and lack of prior criminal conduct that release at this time would neither endanger the community nor minimize the severity of the underlying offense. That she is not a danger to the community is well established by her conduct for 4½ years after arrest, and in her discharge of the trust placed in her by the Sentencing court.

21. The reduction would not minimize what the government or society considers adequate punishment for the offense. No one can seriously contend that separating a mother from her minor children for 54 months is not a substantial punishment.

22. Defendant's family and health circumstances are extraordinary and compelling. Release at this time will not endanger the community or offend 18 U.S.C. § 3553(a) and is necessary to address an extraordinary and compelling circumstance within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i).

Heather Mercado

Heather Mercado