IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:16-CR-00004- |
| | §                      ALM-AGD |
| HEATHER ELIZABETH MERCADO (1) | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Heather Elizabeth Mercado's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on May 8, 2024, to determine whether Defendant violated her supervised release. Defendant was represented by Michael Hawk. The Government was represented by Heather Rattan.

Defendant was sentenced on July 18, 2016, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Theft Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A), a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years imprisonment. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of I, was 41 to 51 months. The Court, however, imposed a variance above the guideline range, citing the basis for such as Defendant's extreme conduct and aggravating and/or mitigating factors, her role in the offense, to reflect the severity of the offense, to protect the public from further harm, as well as to deter Defendant from further criminal conduct. Defendant was subsequently sentenced to 84 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restriction, gambling restriction, drug testing and treatment, employment and fiduciary position restriction,

REPORT AND RECOMMENDATION – Page 1

mental health treatment, a $100 special assessment, and $483,905.96 restitution. On January 18, 2022, Defendant completed her period of imprisonment and began service of the supervision term. On December 7, 2022, the Court imposed a special condition of 20 hours of community service weekly, which was to be performed during periods of unemployment in order to address Defendant's ongoing lack of gainful employment. On May 17, 2023, the Court imposed a special condition of mental health medication compliance.

On March 26, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #61, Sealed). The Petition asserts that Defendant violated twenty (20) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall not commit another federal, state or local crime; (2) <u>Mandatory Condition</u> Defendant shall not commit another federal, state or local crime; (3) <u>Standard Condition</u> Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (4) <u>Special Condition</u> Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment; (5) <u>Standard Condition</u> Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (6) <u>Special Condition</u> Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment; (7) <u>Standard Condition</u> Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (8) <u>Special Condition</u> Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment; (9) <u>Special Condition</u> Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the

Court has been paid in full; (10) <u>Standard Condition</u> Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (11) <u>Standard Condition</u> Defendant shall not leave the judicial district without the permission of the court or probation officer; (12) <u>Mandatory Condition</u> Defendant shall not commit another federal, state or local crime; (13) <u>Mandatory Condition</u> Defendant shall not commit another federal, state or local crime; (14) <u>Standard Condition</u> Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (15) <u>Mandatory Condition</u> Defendant shall not commit another federal, state or local crime; (16) <u>Standard Condition</u> Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (17) <u>Mandatory Condition</u> Defendant shall not commit another federal, state or local crime; (18) <u>Standard Condition</u> Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (19) <u>Standard Condition</u> Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons; and (20) <u>Special Condition</u> Any restitution amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). (Dkt. #61 at pp. 1–5, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On or about April 12, and April 25, 2023, Defendant committed the offense of False Personation-Officer or Employee of the United States, in violation of 18 U.S.C. § 912 by creating fraudulent emails from simone_norman@txeg.uscourts.gov and simone_norman@txeg.uscourts.com, thereby impersonating Simone Norman, a U.S. Probation Officer in the Eastern District of Texas; and

forwarded such email to herself in order to deceptively obtain monetary funds from Jack Stephenson, III. On or about May 17, 2023, Defendant committed the offense of False Personation-Officer or Employee of the United States, in violation of 18 U.S.C. § 912 by creating fraudulent email from keith-wallace@txeg.uscourts.com and keith_wallace@txeg.uscourts.gov, thereby impersonating Keith Wallace, a Supervising U.S. Probation Officer in the Eastern District of Texas; and forwarded such email to herself in order to deceptively obtain monetary funds from Jack Stephenson, III; (2) On April 12, April 25, and May 17, 2023, Defendant committed the offense of Wire Fraud in violation of 18 U.S.C. § 1343, by sending fraudulent emails designed with intent to defraud Jack Stephenson, III of monetary capital by causing him to believe the demand for funds received via email was issued from the U.S. Probation Office-Eastern District of Texas. On or about April 12, and April 25, 2023, Defendant created and sent fraudulent email using the email addresses of simone_norman@txeg.uscourts.gov and simone_norman@txeg.uscourts.com, thereby impersonating Simone Norman, a U.S. Probation Officer in the Eastern District of Texas, in order to defraud Jack Stephenson, III of $9,637 and a vehicle purchase demand, via email sent on April 12, 2023. An email reflecting intent to defraud Mr. Stephenson, III of $14,746.82, via the aforementioned email was sent on April 25, 2023. On or about May 17, 2023, Defendant created and sent another fraudulent email using the email addresses of keith-wallace@txeg.uscourts.com and keith_wallace@txeg.uscourts.gov in order to defraud Jack Stephenson, III of $46,812; (3) On or about March 15, 2023, Defendant fraudulently created and emailed to the U.S. Probation Officer, a letter reflecting an Offer of Employment from AT&T, 208 South Akard Street, Dallas, Texas 75201; (4) On or about April 27, 2023, Defendant fraudulently created and submitted to the U.S. Probation Officer, a paystub reflecting employment via AT&T, 200 South Akard Street, Dallas, Texas 75202, bearing a pay date of April 16, 2023.

On September 13, 2023, in response to a subpoena issued from the U.S. Attorney's Office, Eastern District of Texas-Tyler Division, AT&T confirmed that it has not previously employed Defendant as an employee, and there is no record of her contained within their database; (5) On or about March 15, 2023, Defendant fraudulently created and emailed to the U.S. Probation Officer, paystubs reflecting employment via Lone Star Roofing, Inc., 8 Janna Way, Allen, Texas 75002, bearing pay dates of January 31 and February 28, 2023; (6) On July 8, 2023, the U.S. Probation Officer met with Nevell Newman, owner of Texas Lone Star Roofing, Inc., located at 8 Janna Way, Allen, Texas 75002. Mr. Newman affirmed that he does not know, nor has he ever employed Defendant. Mr. Newman was provided a picture of Defendant and positively affirmed that he has never employed her; (7) On or about November 5, 2023, Defendant fraudulently created and emailed to the U.S. Probation Officer, a paystub reflecting employment via Adecco USA, Inc., 5501 Lyndon B. Johnson Freeway, Suite 760, Dallas, Texas 75240, bearing a pay date of October 31, 2023; (8) On December 4, 2023, in response to a subpoena issued from the U.S. Attorney's Office, Eastern District of Texas-Tyler Division, Adecco USA, Inc., confirmed Defendant was solely their employee from November 8, 2010, through January 1, 2012; (9) Upon review of Defendant's credit report accessed on December 20, 2023, the U.S. Probation Officer discovered a new credit card account (Fortiva/TBOM-The Bank of Missouri) opened June 29, 2023; the incurred credit card balance was $2,035 of the $3,500 limit. Defendant did not have approval from the probation officer to open this line of credit, nor has the financial obligation (restitution) ordered by the Court been paid in full. As of the Petition, the outstanding restitution balance is $475,242.61; (10) Upon being queried regarding the Fortiva/TBOM-The Bank of Missouri credit card account, on December 20, 2023, Defendant advised the probation officer she originally filed a dispute with Experian Credit in November 2023, as she did not apply for nor incur expenses utilizing this line

of credit; (11) & (12) In response to a subpoena issued from the U.S. Attorney's Office, Eastern District of Texas-Tyler Division, it was confirmed Defendant originally filed the credit card dispute on December 20, 2023, the same date she was confronted regarding such by the U.S. Probation Officer. Additionally, documentation obtained from Ideal Image via subpoena confirms completion of Defendant's lip filler and wrinkle relaxer services, to include a lifetime guarantee membership; services totaled $1,774. These services occurred on June 28, 2023, at Ideal Image-Denver, Colorado; service completion is confirmed by the provider via facial photograph of Defendant post-procedure completion. Defendant did not have approval from the probation officer to travel to Denver, Colorado. As Defendant knowingly used the Fortiva/TBOM-The Bank of Missouri credit card to pay for cosmetic procedures at Ideal Image, she fraudulently filed a credit card dispute online for $1,774, in an attempt to defraud Fortiva/TBOM-The Bank of Missouri; therein, committing the offense of Wire Fraud in violation of Title 18 U.S.C. § 1343; (13) & (14) On October 1, November 5, December 4, 2023; and January 4, February 7, and March 8, 2024, Defendant submitted online monthly reports to the U.S. Probation Office, attesting that the submitted information was true and correct. Defendant attested that she was employed by Adecco, 5501 Lyndon B. Johnson Freeway, Suite 760, Dallas, Texas 75240, during each of the aforementioned months. As this false employment information was intentionally and fraudulently submitted, Defendant's monthly attestation to such is in violation of 18 U.S.C. § 1001; (15) & (16) On April 3 and May 9, 2023, Defendant submitted online monthly reports to the U.S. Probation Office, attesting that the submitted information was true and correct. Defendant attested that she was employed by AT&T, 208 South Akard Street, Dallas, Texas 75201, during each of the aforementioned months. As this employment information was intentionally and fraudulently submitted, Defendant's monthly attestation to such is in violation of 18 U.S.C. § 1001; (17) & (18)

On February 5 and March 5, 2023, Defendant submitted online monthly reports to the U.S. Probation Office, attesting that the submitted information was true and correct. Defendant attested that she was employed by Lone Star Roofing, 8 Janna Way, Allen, Texas 75002, during each of the aforementioned months. As this employment information was intentionally and fraudulently submitted, Defendant's monthly attestation to such is in violation of 18 U.S.C. § 1001; (19) As evidenced by the aforementioned fraudulent employment source submissions from AT&T, Lone Star Roofing, and Adecco USA, Inc., Defendant has failed to work regularly at a lawful occupation, and she has not been excused from doing so; and (20) Defendant was instructed to begin making monthly restitution payments in the amount of at least ten percent of her gross monthly income, commencing March 1, 2022. Defendant failed to make restitution payments as instructed for the months of March through September 2022, December 2022, August 2023, and October 2023. (Dkt. #61 at pp. 1–5).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1 through 20 of the Petition. Having considered the Petition and the plea of true to allegations 1 through 20, the court finds that Defendant did violate her conditions of supervised release.

The court notes that it was advised that Defendant made a payment toward her restitution in the amount of $20,000 prior to the revocation hearing. Additionally, the Government agreed not to bring any additional charges stemming from the allegations in the Petition.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

**RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eighteen (18) months, with an eighteen (18) month term of supervised release to follow.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in the Dallas–Fort Worth, Texas area, or Oklahoma, excluding FCI Bryan, if appropriate.

**SIGNED this 31st day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE