**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-00004-ALM-AGD |
| | § | |
| HEATHER ELIZABETH MERCADO (1) | § | |

**REPORT AND RECOMMENDATION**
**<u>OF UNITED STATES MAGISTRATE JUDGE</u>**

Now before the court is the request for revocation of Defendant Heather Elizabeth Mercado's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 17, 2026, to determine whether Defendant violated her supervised release. Defendant was represented by Douglas Schopmeyer. The Government was represented by Steve Fawcett.

Defendant was sentenced on July 18, 2016, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Theft Concerning Programs Receiving Federal Funds, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of I, was 41 to 51 months. The Court imposed a variance above the guideline range citing the basis for Defendant's extreme conduct and aggravating factors, for her role in the offense, to reflect the severity of the offense, to protect the public from further harm, as well as deter Defendant from further criminal conduct. Defendant was subsequently sentenced to 84 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restriction, gambling restriction, substance abuse testing and treatment, employment and fiduciary position restriction, mental health treatment, $100 special assessment,

and $483,905.96 restitution. On January 18, 2022, Defendant completed her period of imprisonment and began service of the supervision term. On June 8, 2024, the term of supervised release was revoked, and she was sentenced to 18 months imprisonment followed by an 18-month term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, no gambling, substance abuse testing and treatment, not hold a fiduciary position, not owning or operating a staffing company, mental health treatment, 20 hours of community service per week when not employed, must allow probation officer to communicate with employer and request documentation, a $100.00 special assessment, and $483,905.96 in restitution. On May 5, 2025, Defendant began her new term of supervised release.

On May 29, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #82, Sealed). The Petition asserts that Defendant violated twelve (12) conditions of supervision, as follows: (1) Standard Condition After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (2) Standard Condition Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses her from doing so. If Defendant plans to change where she works or anything about her work (such as her position or her job responsibilities), she must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (3) Standard Condition Defendant must answer truthfully the questions asked by her probation officer; (4) Special Condition As directed by the probation officer, Defendant must perform 20 hours of

community service per week when not gainfully employed; (5) Standard Condition Defendant must answer truthfully the questions asked by her probation officer; (6) Standard Condition Defendant must live at a place approved by the probation officer. If Defendant plans to change where she lives or anything about her living arrangements (such as the people she lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (7) Standard Condition Defendant must answer truthfully the questions asked by her probation officer; (8) Standard Condition If Defendant is arrested or questioned by a law enforcement officer, she must notify the probation officer within 72 hours; (9) Special Condition Defendant must participate in a program of testing and treatment for alcohol and/or drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as she is released from the program by the officer; (10) Special Condition Defendant must participate in any combination of psychiatric, psychological, or mental treatment as deemed appropriate by the treatment provider; (11) Special Condition Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment; and (12) Special Condition Any monetary penalty that remains unpaid when Defendant's probation commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income. If Defendant receives an inheritance, any settlements, gifts, tax refunds, bonuses, lawsuits awards, and any other receipt of money, Defendant must, within 5 days of receipt, apply 100% of the value of such resources to any financial penalty ordered. (Dkt. #82 at pp. 1–6, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On May 7, 2025, United States Probation Officer Shruti Bhakta reviewed the Judgement and Conditions during an

office visit with Defendant. Defendant signed the document acknowledging understanding of the conditions of her supervision term. On January 5, 2026, the U.S. Probation Office instructed Defendant to report to the office on January 8, 2026, at 2:00 pm. Defendant failed to report to the office as instructed and claimed she did not have a ride. On January 8, 2026, the U.S. Probation Office instructed Defendant to report to the office on January 13, 2026, at 10:00 am. Defendant failed to report to the office as instructed and claimed she had the flu. The U.S. Probation Office instructed Defendant to provide medical documentation showing such. On May 7, 2026, the U.S. Probation Office instructed Defendant via text to report to the office on May 8, 2026, at 2:00 pm. Defendant failed to report to the office as instructed and claimed she had a flat tire. On May 11, 2026, the U.S. Probation Office instructed Defendant via text to report to the office on the same date at 2:00pm. Defendant failed to report to the office and claimed her son broke his hand and was at the doctor. The U.S. Probation Office instructed Defendant to provide medical documentation. The medical documentation provided showed a discharge date of May 9, 2026, at 2:45 pm. Defendant failed to submit monthly supervision reports as instructed during the months of March, April, and May 2026; (2) & (3) Defendant was unemployed from May 7, 2025, through May 11, 2026. The U.S. Probation Office provided Defendant resources to obtain employment including agencies that specifically work with convicted felons. Defendant failed to obtain employment during her entire term of supervision. Defendant claimed she was hired at Goodwill Industries of Dallas located at 7410 Preston Road, Frisco, Texas. However, on April 17, 2026, the U.S. Probation Office conducted an employment verification check at the listed address. The store manager stated he reviewed their system and there was no application, job offer, or anyone employed by the name of Heather Mercado. The store manager was provided a picture of Defendant and affirmed Defendant has never been employed at this location; (4) On June 13, 2025,

the U.S. Probation Office reminded Defendant to complete 20 hours of community service per week while she is unemployed. As of the writing of the Petition, Defendant had completed two hours of community service since being placed on supervision and had been unemployed the entire time; (5) On October 5, 2026,[1] Defendant submitted a monthly supervision report stating she moved to 9512 Winter Park Drive in Frisco, Texas. Defendant provided a lease agreement which showed the rent was $4,000 monthly. When the U.S. Probation Office inquired how Defendant was paying for the rent, Defendant stated her "Aunt Patty" paid for 6 months ahead of time. The U.S. Probation Office requested "Aunt Patty's" number for verification and Defendant provided a number. The U.S. Probation Office attempted to call this number on several occasions to no avail. Defendant provided the U.S. Probation Office a screenshot of Defendant texting that number informing her "Aunt Patty" to contact the office. However, the Financial Litigation Unit (FLU) subpoenaed the records as to the phone number and the return showed it was a Tracfone. The records showed Defendant as the subscriber/contact for that number. Defendant failed to provide a truthful response to the U.S. Probation Officer and took various steps to perpetuate the false information she was providing to the probation office in an effort not to disclose how her rent was being paid or how she obtained the money; (6) & (7) On October 5, 2026,[2] Defendant submitted a monthly supervision report stating she moved to 9512 Winter Park Drive in Frisco, Texas. Defendant provided a lease agreement which showed the rent was $4,000 monthly. When the U.S. Probation Office inquired how Defendant was paying for the rent, Defendant stated her "Aunt Patty" paid for 6 months ahead of time. On March 26, 2026, Defendant advised the U.S. Probation Office she would be moving out of her listed residence into a new home. Defendant provided a lease agreement showing she would begin residing there on April 4, 2026. However, on April 17,

[1] The probation officer testified at the June 17, 2026, hearing that the date was October 5, 2025, not 2026.
[2] This date should be October 5, 2025, as well.

2026, the U.S. Probation Officer attempted to conduct a home inspection, and the home was vacant. The entire house was empty with no signs of anyone residing there. The U.S. Probation Officer reviewed Defendant's Chase Bank statement ending on April 6, 2026. On April 1, 2026, a credit for La Quinta Inn and Suites in Frisco, Texas was posted. Defendant failed to advise the U.S. Probation Office she changed her address; (8) On May 22, 2025, the U.S. Probation Office received a notification Defendant had contact with the Plano Police Department. Defendant failed to contact the U.S. Probation Office within 72 hours regarding said contact. On May 28, 2025, the U.S. Probation Office contacted Defendant regarding the contact with the Plano Police Department, and Defendant claimed she was going to call when she was alone due to being in fear for her life; (9) & (10) On August 30, November 4, and December 2, 2025, and January 6, January 13, March 3, and March 24, 2026, Defendant failed to report to Fletcher Counseling in Plano, Texas for her scheduled treatment sessions; (11) On May 7, 2026, the U.S. Probation Office provided Defendant with a personal financial statement to complete and to provide all financial documents. Defendant listed three bank accounts (PNC Bank, Chase Bank, and Bank of America) on her financial statement. The U.S. Probation Office requested Bank records from Defendant on several occasions since the imposition of her supervision, and Defendant failed to provide them each time. Finally, on November 11, 2026[3] (six months after the initial instruction to provide), Defendant emailed the U.S. Probation Office only her Chase Bank Statements and stated the PNC Bank and Bank of America accounts were now closed; and (12) Defendant paid $30,138.35 toward her restitution and has a balance of $484,005.96. Specifically, since the imposition of Defendant's new supervision term (May 5, 2025), Defendant only paid $750.00 toward her restitution with her first payment not being made until September 12, 2025, in the amount of $100.00. Defendant

[3] This date should be November 11, 2025.

claimed she was not making any money and could not pay toward her restitution. However, after reviewing Defendant's bank statements, it was determined Defendant received money and spent it on personal/leisure items, not toward her restitution. On October 17, 2026,[4] during a home visit, the U.S. Probation Office noticed several TV boxes, new furniture, and décor that Defendant claimed had been in her storage from before she went to prison for her revocation. The U.S. Probation Office reviewed Defendant's Chase Bank statement ending on October 17, 2025. On September 29, 2025, a deposit was made to Defendant's account in the amount of $41,500.00, which Defendant initially claimed was from her "Aunt Patty." When confronted, Defendant later claimed the money was from her ex-husband "Jay" to purchase mattresses for the children, her car payment, and televisions. As of October 17, 2025, the account balance was $93.07. Defendant failed to apply 100% of the proceeds toward her restitution and instead utilized the money on personal expenditures such as DoorDash, Target, Kohls, and other places. The U.S. Probation Office reviewed Defendant's Chase Bank statement ending on November 19, 2025. On November 7, 2025, a deposit was made to Defendant's account in the amount of $7,000.00 and on November 10, 2025, another deposit was made to her account in the amount of $2,900.00. As of November 19, 2026,[5] the account balance was $36.22. Defendant failed to apply 100% of the proceeds toward her restitution and instead utilized the money on personal expenditures. The U.S. Probation Office reviewed Defendant's Chase Bank statement ending April 6, 2026. On March 30, 2026, a deposit was made to Defendant's account in the amount of $2,300 from Probate Cash LLC. Defendant claimed her probate attorney recommended she obtain this advance and once she received the inheritance from her ex-husband's will, the estate would pay them. However, the U.S. Probation Office spoke with the attorney Defendant claimed gave her this advice, and the attorney stated this

[4] This date should be October 17, 2025.
[5] This date should be November 19, 2025.

was not recommended to her as an inheritance is not guaranteed. Furthermore, as of April 6, 2026, the account balance was -$8.15. Defendant failed to apply 100% of proceeds toward her restitution and instead utilized the money on personal expenditures. The total deposits in Defendant's Chase Bank account as of the writing of the Petition was $53,700, and she failed to pay any toward her restitution. Defendant willfully failed to make payments toward restitution to the best of her ability. (Dkt. #82 at pp. 1–6, Sealed).

The Government and Defense counsel presented argument at the hearing. Having considered the Petition and the arguments and testimony at the hearing, the court finds that Defendant did violate all twelve conditions of supervised release as indicated on the record after a full hearing. The court notes that Defendant disputed that she had failed to secure employment as required by the standard conditions in allegations 2 and 3. While the court acknowledged that Plaintiff may have secured employment at Goodwill Industries of Dallas in April 2026, any such employment was not obtained until nearly a year after her supervision period began in May 2025. Thus, the court found Defendant had violated the standard conditions listed in allegations 2 and 3 as well.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-two (22) months, with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in either Illinois or Florida, if appropriate.

**SIGNED this 8th day of July, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE